IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CYNTHIA L. ROPER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV422-057
)
BETHY WELLS and UHS OF )
SAVANNAH, LLC, d/b/a Coastal )
Harbor Health System, )
)
    Defendants. )
)

## ORDER

Before the Court is the Magistrate Judge's October 27, 2022, Report and Recommendation (Doc. 18), to which Plaintiff has filed objections (Doc. 19). After a careful review of the record,[1] the report and recommendation (Doc. 18) is **ADOPTED** as the Court's opinion in this case.

The Magistrate Judge recommended that this Case be dismissed pursuant to the Federal Arbitration Act (FAA). (Doc. 18 at 5, 13.) Plaintiff does not identify any defect in the Magistrate Judge's analysis in her objection. Rather, Plaintiff continues to argue

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

the merits of her employment claim and attempts to justify her right to litigate in this forum based on her interactions with the Equal Employment Opportunity Commission ("EEOC").[2] (Doc. 19 at 1.) Notwithstanding the ultimate merits of her claims, Defendants presented a valid arbitration agreement containing Plaintiff's signature, and Plaintiff has not made convincing arguments regarding the execution of the agreement or its enforceability.

While most of Plaintiff's arguments do not relate to the arbitration agreement, Plaintiff makes two arguments relevant to its enforceability. First, Plaintiff claims that the arbitration agreement should not be honored because the Director of Human Resources did not uphold the employer's policy of providing "equal opportunity in employment to all employees and applicants for employment." (Id. at 4.) Second, Plaintiff argues that, "to [her]

---

[2] To the extent that Plaintiff argues that the EEOC Notice of Right to Sue mandates a determination in her favor (Doc. 19 at 4), this argument fails. Moore v. Devine, 767 F.2d 1541, 1550-51 (11th Cir. 1985), modified by 780 F.2d 1559 (11th Cir. 1986) ("[W]hile EEOC findings in general may be significant evidence, their probative force in individual cases varies considerably and is left to the determination of the trial court." (quoting Hilton v. Wymam-Gordon Co., 624 F.2d 379, 383 (1st Cir. 1980))). Nor does such a notice override an otherwise enforceable arbitration agreement. Pryor v. Tenet N. Fulton Reg'l Hosp., No. 1:10-cv-1097-WSD, 2010 WL 11598095, at *3 (N.D. Ga. June 22, 2010) ("Receiving a Notice of Right to Sue does not allow Plaintiff to avoid a prior arbitration agreement."); see also Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222-23 (11th Cir. 2000) (finding a defendant's participation in EEOC proceedings did not constitute a waiver of an otherwise binding arbitration agreement).

2

knowledge," she did not enter into an arbitration agreement, and she was not "offered an Alternative Resolution of Conflicts[.]" (Id. at 4-5.) These two circular arguments again attempt to litigate the merits of Plaintiff's employment claim and are therefore unavailing.

First, a determination that Defendants defaulted on any promise to provide equal employment would necessarily require the Court to analyze issues properly reserved for the arbitrator. Mutual promises and obligations to arbitrate are sufficient consideration to support a contract, and there does not appear to be any other enumerated consideration indicating Defendants breached the agreement. (Doc. 15, Attach. 1); see Atlanta Six Flags P'ship v. Hughes, 191 Ga. App. 404, 407, 381 S.E.2d 605, 607 (Ga. Ct. App. 1989) ("[T]he mutual promises and obligations of the parties constituted sufficient consideration for the contract."). Additionally, deliberation on extrinsic evidence is improper here. Stewart v. KHD Deutz of Am., Corp., 980 F.2d 698, 702 (11th Cir. 1993) ("Under the decisions of this court and the laws of Georgia, extrinsic evidence is not admissible to contradict the terms of an unambiguous contract.").

Second, as the Magistrate Judge noted in his analysis of the factors considered when determining whether an arbitration agreement is enforceable, "[p]arties to a contract are presumed to have read their provisions and to have understood the contents.

3

One who can read, must read, for he is bound by his contracts." O'Brien Fam. Tr. v. Glen Falls Ins. Co., 218 Ga. App. 379, 381, 461 S.E.2d 311, 314 (Ga. Ct. App. 1995) (citation omitted). Thus, Plaintiff's contention that she did not enter into the agreement "to her knowledge" does not defeat the clear and undisputed evidence presented by Defendants. Reed v. Eastside Med. Ctr., LLC, No. 1:19-cv-03967-SDG, 2021 WL 1967407, at *5 (N.D. Ga. May 14, 2021) ("[L]ack of memory is not enough to create a genuine issue of material fact under Georgia law."). Black letter contract law mandates enforcement of the arbitration agreement.

For the foregoing reasons, Plaintiff's objections (Doc. 19) are **OVERRULED**, and the report and recommendation (Doc. 18) is **ADOPTED** as the Court's opinion in this case. Defendant Beth Wells' Motion to Dismiss or, in the Alternative, to Compel Arbitration is **GRANTED IN PART** and **DISMISSED AS MOOT IN PART**. (Doc. 15.) Defendant UHS of Savannah, LLC's Motion to Compel Arbitration and to Dismiss is **GRANTED**. (Doc. 16.) The parties are **ORDERED** to submit Plaintiff's claims to arbitration. This action is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 29th day of November 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA